## Jones Lumber Co. v. Howard.

### (Decided Feb. 17, 1911.)

### Appeal from Bell Circuit Court. ·

Logging Contract—Delivery of Logs into the River—Submission to Jury—Finding of Jury.—This was a contract to deliver certain logs in Pucketts Creek, a tributary of Cumberland River which were accepted and paid for. Afterwards appellee was hired by appellant to run all its logs out of Pucketts Creek into the river. 419,000 feet of logs were run out of the creek during the existence of the contract. Appellant refused to pay for the logs that it had bought from appellee on the ground that it had construed the contract to be that he was to deliver his logs into the river. The question whether such was the contract was submitted to a jury who found that it was not. Held, we agree with the jury on the evidence.

WM. LAW for appellant.

O. V. RILEY and N. A. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee sold appellant a lot of saw logs in Pucketts Creek, a tributary of Cumberland River. The logs were accepted and paid for. After they were sold, appellee was hired by appellant to run all its logs out of Pucketts Creek into the river. Appellant had quite a quantity of other logs in Pucketts. Appellant was to pay appellee $1.00 a thousand feet for all logs so run out during the existence of his contract. 419,000 feet of logs were run out of the creek in that time. Appellant refused to pay for the logs run that it had purchased from appellee, on the ground that it had construed the contract to be that he was to deliver his logs into the river. The question whether such was the contract was appropriately submitted to the jury, who found that it was not. We agree with the jury upon the evidence. Appellant's manager, Golden, offered to testify what he understood the contract to be. The testimony was rejected. Appel-

lant complains on that score. What Golden understood was not relevant as evidence. He did not make the contract with appellee. Another agent represented appellant in that transaction. The contract was not in writing. What was said between the parties then was relevant, but what either may have understood was not relevant evidence under the issues of this case.

The contract to run out the logs was for a year, it seems. All the logs were not run out in that time. Appellant's agent in charge and appellee discussed at the end of the year whether another would take the job but they finally agreed that appellee would go ahead and finish it. Notwithstanding it seems appellant did have others to work on the job. Now it is said that for logs run out whilst the latter persons were working at them there should have been deducted the sum represented by their measurement. Appellee's contract was not to be paid for such logs as he should run out of the creek. His pay depended not on what he actually put out, but on the quantity that came out while he was working at them. Many floated out without his doing anything toward getting them out. Nevertheless, he was required by his contract to be on hand with workmen whenever there came a tide in the creek to see that appellant's logs did not stand on the shores and riffles. Appellant could not disappoint him of his contract by voluntarily putting other men on the job to help get out the logs. Appellee seems to have performed his part of the contract, and was entitled to receive the pay for it.

The facts were found by the verdict. The evidence warranted their finding. The facts so found in the light of the evidence must be accepted by this court as the facts of the case.

Judgment affirmed.